**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01285 VAP (DTBx)                                Date:  August 19, 2011

Title:   AURORA LOAN SERVICES LLC -v- JOSEPH TOWNSEND, SHAUN HENSON, AND DOES 1-5
==============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                          None Present
     Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                  DEFENDANTS:

     None                                                          None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On April 28, 2011, Plaintiff Aurora Loan Services, LLC, ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Joseph Townsend and Shaun Henson ("Defendants") in the Superior Court of California, County of San Bernardino.  (Doc. No. 1 (Not. of Removal) at 12.)  On August 12, 2011, Defendants removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal ¶ 10.)

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

EDCV 11-01285 VAP (DTBx)
AURORA LOAN SERVICES LLC v. JOSEPH TOWNSEND, SHAUN HENSON, AND DOES 1-5
MINUTE ORDER of August 19, 2011

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law. (See Not. of Removal ¶ 10.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendants have not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendants have not met her burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**